**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH W. GUICE,

               Plaintiff-Appellant,

v.

JAMES L. EMERSON, a natural person;
et al.,

               Defendants-Appellees.

No. 14-16004

D.C. No. 4:13-cv-02250-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted December 14, 2016 [**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Kenneth W. Guice appeals the district court's summary judgment in his

diversity action alleging fraud related to a real estate transaction. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidentiary rulings made in the context of summary judgment. *Fonseca v. Sysco Food Serv., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion in deciding defendants' motion for summary judgment without holding a hearing because Guice was provided a sufficient opportunity to oppose defendants' motion and to raise any evidentiary objections in his opposition brief. *See* Fed. R. Civ. P. 78(b).

We do not consider Guice's contentions that the district court erred in relying on both the affidavit filed in support of defendants' motion for summary judgment and the attached exhibits because Guice waived these evidentiary arguments by raising them for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (we will not consider issues raised for the first time on appeal except to prevent manifest injustice); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012) (failure to object to authenticity of document before district court waives issue on appeal); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003-04 (9th Cir. 2002) (to preserve hearsay objection a party "must either move to strike the affidavit or otherwise lodge an objection with the district court").

Therefore, we affirm the judgment.

**AFFIRMED.**